NOBLE et al. v. OKLAHOMA CITY.

No. 23821. Dec. 14, 1937.

*127 P. 2d 843.*

See, also, Higgins v. Oklahoma City, 191 Okla. 16, 127 P. 2d 845; Oklahoma City v. Dobbins, 189 Okla. 381, 117 P. 2d 132.

Joe T. Rogers, of Wichita, Kan., Warren E. Libby, of Los Angeles, Cal., and Suits & Disney, Henry L. Goddard, Fred Ptak and Chas. H. Garnett, all of Oklahoma City, for plaintiffs in error.

Jarman & Brown, Harlan Deupree, Municipal Counselor, and P. E. Gumm, all of Oklahoma City, for defendant in error.

RILEY, J. A former opinion in this case consolidated with cause 23822, Higgins v. Oklahoma City, is reported in 172 Okla. 182, 44 P. 2d 135. Reference is here made to the statement of facts in said opinion.

The parties are referred to herein as in the former opinion.

After said opinion became final, a writ of certiorari was granted by the Supreme Court of the United States, and on March 2, 1936, that court promulgated its opinion reversing the judgment of this court and remanding the cause for further proceedings. Noble v. Oklahoma City, 297 U. S. 481.

On March 28, 1891, Naoma and George Noble executed to the Choctaw Coal & Railway Company a deed which contained the following reversionary clause:

"Being intended for the use and occupation of said party (grantee), its successors and assigns, as and for its right of way for the constructing, operation, and maintenance of its railroad and business at or upon the land hereby released and quitclaimed: Provided, that in case of abandonment of said premises by said second party, its successors or assigns for the purposes above mentioned, the same shall revert to the grantors, their heirs or assigns."

The opinion of the Supreme Court of the United States as to the Noble Case concludes as follows:

"It follows from what has been said that the railroad derived title to the Noble lot by the deed of Naoma and George Noble of March 28, 1891. As no question is made but that the reverter clause in that deed became operative upon abandoment of the line, the Noble title is superior to that of the respondent."

After the cause was remanded to this court, various motions and briefs in support thereof have been filed by the parties.

The defendant city of Oklahoma City contends that this cause should be remanded for a new trial, or in the alternative judgment should be rendered in its favor, for, it contends, that if judgment be not entered in its favor for the north 40 feet of the lot in controversy, in any event judgment should be rendered for the ten feet just north of said lot, being the south ten feet of the 20-foot alley running east and west just north of said lot.

Plaintiffs contend that the judgment should be reversed and the cause be remanded with directions to enter judgment in their favor.

We have considered the various propositions submitted, and conclude that the entire controversy may properly be, and should be, here determined, and the controversy ended. It does not appear that any substantial benefit would result to any of the parties by remanding the cause for a new trial.

The defendant city now contends that judgment for plaintiffs should not be directed as to the ten feet north of the lot in question and formerly a part of the alley because there is no proof of ownership by plaintiff.

"The general rule is that the public acquires an easement only in highways, the fee of the land remaining in the owner, subject to the easement." 29 C. J. 540.

Plaintiffs concede that the ordinance of April 28, 1891, granting the right of way to the Choctaw Coal & Railway Company through and over the alley between First and Second streets did not in terms vacate the alley as such. Said ordinance contained a provision that the railroad should be constructed, managed, and operated in such a man-

ner so as to interfere as little as possible with the public use of said alley.

Plaintiffs contend, however, that the alley as such was in fact abandoned nearly 40 years ago; that the railroad company occupied and used the alley during said time in its entire width, to the exclusion of the general public. It may be true that the public in general was excluded from the use of the alley during that time, but the evidence does not so show.

Furthermore, it is conceded by plaintiffs that under the provisions of section 610 of the Statutes of 1890, upon the vacation or abandonment of an alley and its reversion to the abutting owners, they take title thereto subject as a matter of law to the right of the city to reopen the alley without cost to the city.

Plaintiffs in their brief filed June 21, 1937, say:

"Plaintiffs are entirely willing to take title to the ten feet of alley subject to that provision of the law. In fact, they have never thought of taking title to it except subject to the right to have it opened for use as an alley by the city, and, of course, they must take it subject to that right vested in the city, whether they want to or not, if they take it at all. * * *

"On this point it may be suggested that if this court should deem it necessary or desirable to direct the trial court to enter judgment for the plaintiffs for the entire 50 feet involved, subject to the right of the city to reopen the alley and take ten feet off the 50 feet for that purpose, this will be entirely agreeable to plaintiffs."

We accept plaintiffs' view of the law on this point. They assert, however, that the right to reopen as an alley does not extend to the right to convert the strip into a public park. With these contentions we are inclined to agree, and judgment will be directed accordingly.

The judgment in this case will be, and is hereby, reversed with directions to enter judgment for plaintiffs as to all the land claimed, subject, however, to the right of the city of Oklahoma City to reopen the alley and use the ten-foot strip formerly a part of the alley for alley purposes and none other.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur.